**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Roy Lee BOLTON, also known**
**as "Little" Roy Bolton,**
**Defendant–Appellant.**

**No. 03–51336.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 15, 2004.

Ellen A. Lockwood, Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit Judges.

PER CURIAM: *

Roy Lee Bolton appeals his sentence following his guilty plea conviction for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Bolton argues that the district court erred in determining that his offense level should be increased pursuant to U.S.S.G. § 2K2.1(c)(1) on the ground that he possessed the ammunition in connection with the commission of a robbery.

The Presentence Report (PSR) determined that Bolton committed the robbery at issue and consequently, under U.S.S.G. 2K2.1(c)(1), applied the cross reference to the applicable robbery guidelines to determine Bolton's base offense level. Bolton objected; the district court overruled the objection and adopted the factual findings and recommendations of the PSR in its entirety in its Statement of Reasons. However, at Bolton's sentencing hearing, in overruling Bolton's objection to the sentence enhancement, the district court declined to determine whether Bolton had committed the robbery.

In the absence of a clear finding by the district court that the ammunition possessed by Bolton was connected to the commission of a robbery, there is no justification for the cross reference to U.S.S.G. § 2X1.1. *See* U.S.S.G. § 2K2.1(c)(1).

We remand to the district court for such further findings as may be warranted and, if required, resentencing.

**REMANDED.** Jurisdiction is not retained.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.